UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASAR RECYCLING, INC., | ) | CASE NO. 4:08CV2830 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| MAJOR MAX MANAGEMENT CORP., et al., | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| | ) | |
| Defendants. | ) | |

The above case came before this Court on a motion for summary judgment filed by Plaintiff Jasar Recycling, Inc. ("Plaintiff") on December 11, 2009.  ECF Dkt. #33.  Defendants Major Max Management Corp. ("Defendant Major Max") and Jennifer Fumei Lee ("Defendant Lee") have not responded to the motion.  For the following reasons, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's motion for summary judgment.  *Id.*

**A.      FACTS AND PROCEDURAL HISTORY**

On October 24, 2008, Plaintiff filed a complaint in the Columbiana Court of Common Pleas alleging that Defendants Major Max and Lee breached a contract with Plaintiff and owed Plaintiff $117,348.88, plus interest.  ECF Dkt. # 1-1.  Plaintiff alleged claims against Defendants Major Max and Lee for:  action on an account (Count I); breach of contract (Count II); quantum meruit (Count III); unjust enrichment (Count IV); conversion (Count VII); and fraud (Count VIII).  *Id.*  Plaintiff alleged claims for civil liability for criminal conduct pursuant to Ohio Revised Code §§ 2307.60 and

1

2307.61 (Count V) and piercing the corporate veil (Count VI) against Defendant Lee only.  As to Count V, Plaintiff requested treble damages against Defendant Lee based upon state law.  *Id*. at 5.

On December 2, 2008, Defendants, through counsel, filed a notice of removal in this Court based upon diversity of jurisdiction under 28 U.S.C. § 1332.  ECF Dkt. #1.  On December 29, 2008, Defendants, through counsel, answered the complaint and filed a counterclaim against Plaintiff.  ECF Dkt. #10.  On January 9, 2009, Plaintiff filed a reply to the counterclaim.  ECF Dkt. #13.  On January 12, 2009, the parties consented to the jurisdiction of the undersigned.  ECF Dkt. #15.

On February 10, 2009, this Court granted Defendants, through new counsel, leave to file an amended answer and counterclaim.  ECF Dkt. #22.  On April 16, 2009, Defendants' original counsel filed a notice of withdrawal as counsel as she was not admitted to practice before this Court and would not be seeking admission pro hac vice.  ECF Dkt. #23.  On May 20, 2009, Defendants' second counsel filed a motion to withdraw as counsel.  ECF Dkt. #24.  This Court granted that motion on May 28, 2009 and sent a letter to Defendants regarding withdrawal of counsel in this case.  ECF Dkt. #s 25, 26.  The Court thereafter granted Defendants until July 29, 2009 to obtain new legal counsel.  ECF Dkt. #27.

On July 30, 2009, this Court held a telephonic conference, with counsel for Plaintiff, Peter Grinstein, and Defendant Lee, participating on behalf of herself and Defendant Major Max.  Defendant Lee indicated that she had not yet obtained counsel for Defendants, so the Court set new scheduling dates and deadlines.  ECF Dkt. #s 28, 29.

On September 30, 2009, Plaintiff filed a notice of service of Plaintiff's first set of discovery requests upon Defendants.  ECF Dkt. #30.  This set of discovery requests included Plaintiff's first requests for admissions.  *Id*.

On November 10, 2009, Plaintiff filed a motion for a Court order finding that the matters set forth in its first request for admissions be taken as conclusively established under the terms of Rule 36 of the Federal Rules of Civil Procedure since Defendants failed to respond to them.  ECF Dkt.

#31.  On November 25, 2009, the Court granted Plaintiff's motion.  ECF Dkt. #32.

On December 11, 2009, Plaintiff filed the instant motion for summary judgment.  ECF Dkt. #33.  Plaintiff served a copy of this motion on Defendants via regular United States mail on the same date.  *Id*.  Defendants have not filed a response to the motion and Plaintiff states that Defendants have not responded to any of its discovery requests, including the requests for admissions.  *Id*. at 10.

## B.    LAW AND ANALYSIS

In its motion for summary judgment, Plaintiff asserts that no genuine issues of material fact remain to be litigated and it is entitled to judgment as a matter of law because Defendants have admitted the matters contained within Plaintiff's request for admissions.  ECF Dkt. #33 at 6-10.  Plaintiff submits that by failing to answer or otherwise respond to Plaintiff's request for admissions, Defendants have admitted to all of the matters contained within its request for admissions. *Id.*

Rule 56(c) of the Federal Rules of Civil Procedure governs summary judgment motions and provides, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED. R. CIV. P. 56(C).  The party moving for summary judgment bears the initial burden of informing the Court of the basis for the motion, and must identify the portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986), quoting FED. R. CIV. P. 56(C).  This initial burden can be discharged by the moving party if it shows that the nonmoving party has failed to establish an essential element of the nonmoving party's case for which it bears the ultimate burden of proof at trial.  *Id.; Morales v. American Honda Motor Co., Inc.,* 71 F.3d 531, 535 (6th Cir. 1995).  The evidence submitted must be viewed in a light most favorable to the nonmoving party to determine whether a genuine issue of

material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

If the moving party meets his burden on summary judgment, then the nonmoving party must take affirmative steps to avoid the entry of a summary judgment.  Fed.R.Civ.P. 56(e).  The nonmoving party must present additional evidence beyond the pleadings.  *Id.*  The nonmoving party must do this by presenting more than a scintilla of evidence in support of his or her position. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986).  Summary judgment must be granted unless sufficient evidence exists that favors the nonmoving party such that a judge or jury could reasonably return a verdict for that party.  *Id.* at 249.  The Court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Id.*  If a party fails to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then the Court is required to enter summary judgment.  *Celotex Corp*., 477 U.S. at 322.

In support of its motion for summary judgment,  Plaintiff cites Rule 36(a) of the Federal Rules of Civil Procedure and this Court's November 25, 2009 order to assert that all matters contained within its request for admissions to Defendants are deemed admitted and these admissions serve as a basis for its summary judgment motion.  ECF Dkt. #33 at 4.  Plaintiff attaches a copy of the request for admissions which contains a certificate of service showing service on Defendants via regular United States Mail on September 30, 2009.  ECF Dkt. #33-1.

Rule 36(a)(3) of the Federal Rules of Civil Procedure, in relevant part, provides that:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or by the party's attorney.

Fed. R. Civ. P. 36(a)(3).  Plaintiff served its request for admissions upon Defendants via United States regular mail on September 30, 2009.  ECF Dkt. #33-1.  To date, there has been no response to the request for admissions and Defendants have not filed a motion in this Court requesting an extension of time within which to file its responses.  Matters deemed admitted from a failure to

4

respond to requests for admissions can serve as a basis for a summary judgment motion. *See e.g.,*
*Lovejoy v. Owens*, 86 F.3d 1156(Table), No. 94-4224, 1996 WL 287261, at *3 (6th Cir. May 28,
1996), unpublished; *Jones v. City of Flint,* No.  07-10524, 2009 WL 174136, at *2 (E.D. Mich.
2009); *In re Lucas,* 124 B.R. 57 (Bankr. N.D. Ohio 1991).

Through Defendants' failure furnish a timely response to Plaintiff's request for admissions,
they have admitted the following pertinent facts, among others:

1. The document attached to this Request for Admissions as Exhibit A is a true
and accurate copy of the account from Plaintiff to Defendants for various
products and materials ordered by Defendant Lee and billed in the name of
Defendant Major Max.

2. Defendants Lee and Major Max have failed to timely remit amounts which are
due and owing on the Plaintiff's account.

3. There is now due and owing on the account the sum of $117,348.88 plus
interest to Plaintiff from Defendants.

4. Defendants represented to Plaintiff that Plaintiff would be promptly paid in
accordance with terms of "net 10 days" pursuant to Plaintiff's invoices

5. The reasonable value of the products and materials sold to Defendants is in the
sum of $117,348.88 plus interest.

6. Defendant Lee is an officer and/or director and/or shareholder of Defendant
Major Max.

7. Defendants were given the opportunity to return Plaintiff's products and
materials to Plaintiff at no cost or expense to Defendants while the products
and materials were "on the water" in transit to China and/or Hong Kong.

8. Defendant Lee has conducted activities such that the business of Defendant
Major Max is the alter ego of the Defendant Lee.

9. At the time Defendants purchased the products and materials, Defendants had
no intention and/or were unable to pay Plaintiff for the materials and products
as agreed.

10. Defendants received the invoices referred to in the account attached to the
Complaint as Exhibit A.

11. Defendants owe Plaintiff the sum of $117,348.88 plus interest for the products
and materials Defendants purchased from Plaintiff.

> 12.    Defendants have failed to pay Plaintiff the amounts due Plaintiff for the products and materials purchased from Plaintiff.

ECF Dkt. #33-1, Request for Admissions Numbers 1-12.

Plaintiff has met its initial burden on summary judgment.  Since Plaintiff has met its initial burden, the burden shifts to Defendants to show that summary judgment should not be granted for Plaintiff as genuine issues of material fact still exist in the case.  Fed.R.Civ.P. 56(e).  Defendants must present additional evidence beyond the pleadings in order to avoid summary judgment.  *Id.* Not only have Defendants failed to respond to Plaintiff's request for admissions, but Defendants have also failed to respond to Plaintiff's motion for summary judgment.   In order to prevent the granting of summary judgment, "the non-moving party must show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to a judgment for the movant." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 403 (6th Cir. 1992), citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir.1989).  This means that the nonmoving party is required to present affirmative evidence on critical issues that would allow a jury to return a verdict in its favor. *Id*.

However, when the nonmoving party fails to respond to a motion for summary judgment, the moving party must still meet its burden under Rule 56 and the Court must still find that there is no genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law.  *Guarino,* 980 F.2d at 410.  Still, in the absence of a response to a motion for summary judgment, "the court may rely on the moving party's unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are 'uncontroverted'" *Id.*

The Court will address each count in Plaintiff's complaint and apply Ohio law.  A federal court exercising diversity jurisdiction must apply the law of the forum state, including that state's choice-of-law provisions. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85

L.Ed. 1477 (1941).  Ohio law provides that the state that has a more significant relationship to the contract should govern disputes arising from that contract.  *See National Union Fire Ins. Co. v. Watts*, 963 F.2d 148, 150-151 (6th Cir. 1992), citing *Nationwide Mut. Ins. Co. v. Ferrin*, 21 Ohio St.3d 43, 487 N.E.2d 568 (1986) and *Gries Sports Enterprises, Inc. v. Modell*, 15 Ohio St.3d 284, 473 N.E.2d 807 (1984), cert. denied, 473 U.S. 906 (1985).  Plaintiff relies upon Ohio law throughout its motion for summary judgment and indicates that Defendants came to Plaintiff's plant in East Palestine, Ohio to review Plaintiff's products and ordered products upon review.  ECF Dkt. #33 at 2.  Thus, Ohio law applies.

1.      **ACTION ON AN ACCOUNT**

Plaintiff first moves for summary judgment on its action on an account claim.  ECF Dkt. #33 at 6.  Ohio law provides that "an action on an account is appropriate where the parties have conducted a series of transactions, for which a balance remains to be paid.*" Taylor Steel, Inc. v. Keeton*, 417 F.3d 598, 604 (6th Cir. 2005), quoting *AMF, Inc. v. Mravec*, 2 Ohio App.3d 29, 31, 440 N.E.2d 600 (Ohio App. 8 Dist. 1981), paragraph 1 of the syllabus.  In order to prove an action on an account, Plaintiff must "prove both all the elements of the contract and that the contract is one that involves transactions usually the subject of a book account."  *Keeton*, 417 F.3d at 604, citing *Am. Sec. Serv., Inc. v. Baumann*, 32 Ohio App.2d 237, 245, 289 N.E.2d 373 (Ohio App. 10 Dist. 1972).  A plaintiff must prove the elements of a contract action because an action on an account "is founded upon contract."  *Am. Coal Sales Co. v. Nova Scotia Power*, No. 2009 WL 467576 (S.D. Ohio 2009), quoting *Gabriele v. Reagan*, 57 Ohio App.3d 84, 87, 566 N.E.2d 684 (Ohio App. 12 Dist. 1988).  This cause of action "exists to avoid the multiplicity of suits necessary if each transaction between the parties (or item on the account) would be construed as constituting a separate cause of action."  *Baumann*, 289 N.E.2d at 377.  The claim "does not exist with reference to each item of the account, but only as to the balance that may be due to one or the other parties."  *Ludwig Hommel & Co. v. Incorporated Village of Woodsfield*, 115 Ohio St. 675, 681, 155 N.E. 386 (1927).

Thus, before succeeding on an action on an account, Plaintiff must prove the elements of a contract under Ohio law. *Taylor Steel, Inc.,* 417 F.3d at 604, citing *Baumann*, 32 Ohio App.2d at 242 (action on an account is founded in contract). In *Kostelnik v. Helper*, the Ohio Supreme Court defines a contract as

> a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object, and of consideration.

*Kostelnik v. Helper*, 96 Ohio St.3d 1, 3, 770 N.E.2d 58 (2002), quoting *Perlmuter Printing Co. v. Strome, Inc.*, 436 F.Supp. 409, 414 (N.D. Ohio 1976). Here, Defendants have admitted the elements of a contract with Defendants through Defendants' failure to respond to the request for admissions. Through its failure, the Court deems the following facts admitted: Defendants ordered various products and materials from Plaintiff on an account, a true and accurate copy which is attached as Exhibit A to the request for admissions; the sum of $117,348.88 is due and owing on that account; Defendants received the invoices referred to in Exhibit A; Defendants owed Plaintiff $117,348.88 plus interest for the products and materials ordered; and Defendants failed to pay Plaintiff the amounts due for the ordered products and materials. ECF Dkt. #33-1 at 2-3. Accordingly, Plaintiff has shown the elements of a contract that existed between it and Defendants.

After establishing a contract, Plaintiff must then establish the account in order to succeed on an action on the account. That account must show four things: (1) the defendant's name; (2) a beginning balance; (3) an itemized list of credits and debits; and (4) a means of determining an amount alleged to be owed. *Hiram College v. Courtad*, 162 Ohio App.3d 642, 644, 834 N.E.2d 432 (Ohio App. 11 Dist. 2005), citing *Raymond Builders Supply, Inc. v. Slapnicker*, No. 2003-A-0040, 2004-Ohio-1437, 2004 WL 574425 (Ohio App. 11 Dist. Mar. 19, 2004), unpublished. Here, by virtue of its failure to respond to the request for admissions, Defendants admitted that the document attached by Plaintiff as Exhibit A to the request for admissions was a true and accurate copy of the

account between the parties for products ordered by Defendant Lee and billed in the name of Defendant Major Max. ECF Dkt. #33-1 at 2. Exhibit A is a document showing Defendant Major Max's name, a beginning balance of $2,063.18, a list of invoice amounts accompanied by calculated interest, and amounts due which total $117,348.88. without interest. ECF Dkt. #33-2. This document satisfies all of the elements of establishing the account between Plaintiff and Defendants.

Based upon the facts submitted in Plaintiff's motion for summary judgment, as well as the admissions from Defendants' failure to respond to the request for admissions, the Court GRANTS Plaintiff's motion for summary judgment on Count I and GRANTS judgment in Plaintiff's favor against Defendant in the amount of $117,348.88 plus interest.

## 2.    BREACH OF CONTRACT

Plaintiff moves for summary judgment on its breach of contract claim in Count II, asserting that in July 2008, Plaintiff and Defendants entered into an oral agreement where Defendants would purchase certain materials and products from Plaintiff. Plaintiff further alleges that Defendant Lee represented individually and on behalf of Defendant Major Max that Plaintiff would be promptly paid in accordance with the terms of "net 10 days" and pursuant to Plaintiff's invoices. ECF Dkt. #33 at 7. Plaintiff asserts that Defendants have breached this agreement by refusing, neglecting and failing to pay the amounts agreed to and invoiced. *Id.* Plaintiff relies upon Defendants' failure to respond to the request for admissions that set forth these facts and some of the statements in Defendants' amended answer.

To the extent that Plaintiff asserts that Count II is a breach of the underlying contract that was the subject of the action on the account, the Court DENIES AS MOOT Plaintiff's motion for summary judgment on this Count because it is duplicative of Count I. To the extent that Plaintiff alleges that Count II is the result of some antecedent agreement between the parties to pay on the underlying invoices that formed the basis of the action on the account, the Court DENIES Plaintiff's motion for summary judgment on Count II as unsupported by additional consideration for such a

contract.  It is true that Defendants admitted in their amended answer to the existence of certain oral agreements for the purchase of certain materials and products from Plaintiff.  Defendants also admitted through the failure to respond to admissions requests that they failed to pay Plaintiff for products and represented to Plaintiff that Plaintiff would be promptly paid in accordance with terms of "net 10 days" pursuant to Plaintiff's invoices.  However, none of these admissions constitute additional consideration for a separate contract between Plaintiff and Defendants as to a promise to pay the underlying invoices.  Each invoice is an enforceable contract; therefore, subsequent promises to perform absent additional consideration is not a basis for a binding contract.  Further, neither the complaint nor the admissions establish that the agreement was made before Defendants ordered the goods and Plaintiff tendered them.  Therefore, additional consideration would be necessary in order to render the July 2008 agreement valid if it is separate from the underlying agreements referenced in Count I.  Accordingly, the Court DENIES Plaintiff's motion for summary judgment on Count II.

### 3.    QUANTUM MERUIT AND UNJUST ENRICHMENT

The Court merges Plaintiff's Count III for quantum meruit and Count IV for unjust enrichment because the elements of unjust enrichment and quantum meruit are identical.  *Bldg. Industry Consultants, Inc. v. 3M Parkway, Inc.*, 182 Ohio App.3d 39, 46, 911 N.E.2d 356 (Ohio App. 9 Dist. 2009), quoting *Coyne v. Hodge Constr. Inc.*, No. 03CA0061-M, 2004-Ohio-727, 2004 WL 298688, fn. 3, Feb. 18, 2004, unpublished.  However, "[w]hen there is an express contract related to the same subject matter, a claim for unjust enrichment cannot be sustained."  *Bldg. Industry Consultants, Inc.*, 911 N.E.2d at 361-362, quoting *Wochna v. Mancino*, No. 07CA0059-M, 2008-Ohio-996, 2008 WL 623731 (Mar. 10, 2008), unpublished.  Further, the Court's earlier findings of the existence of a contract governing the same goods as Counts III and IV precludes equitable recovery.  Accordingly, Plaintiff cannot succeed on its quantum meruit and unjust enrichment claims in this case and they are dismissed with prejudice.

### 4.    OHIO REVISED CODE § 2913.02(A) AND CIVIL LIABILITY FOR CRIMINAL CONDUCT PURSUANT TO OHIO REVISED CODE §§ 2307.60

**and 2307.61**

Plaintiff further moves for summary judgment on his claim pursuant to Ohio Revised Code § 2913.02(A) and requests that the Court find that it has a civil action meeting Ohio Revised Code §§ 2307.60 and 2307.61 which allows full damages, punitive damages, attorney fees and three times the value of the property taken at the time of the offense.  ECF Dkt. #1-1; ECF Dkt. #33 at 8. Plaintiff asserts that Defendants acquired the products and materials from Plaintiff through theft by deception in violation of Ohio Revised Code § 2913.02(A).  *Id.*  Plaintiff reasons that by their failure to respond to the request for admissions, Defendants admitted that:  Defendant Lee was an officer, director and/or shareholder of Defendant Major Max; as an officer, director and/or shareholder of Defendant Major Max, Defendant Lee knowingly obtained or exerted control over the products and materials that she ordered in July 2008 knowing that the company was insolvent and unable to pay; despite her knowledge, Defendant Lee exerted control over the products and materials she ordered in order to transfer and sell them in China and/or Hong Kong so that she could retain the cash derived from the sales without paying Plaintiff; and Defendants never intended to pay Plaintiff for the products and materials.  *Id.*  Plaintiff requests the sum of $352,046.64 from Defendant Lee, in addition to attorney fees, costs and all other damages requested in the complaint.  *Id.*

The Court notes that Plaintiff has presented technical pleading errors in this Count.  First, Plaintiff has indicated that Ohio Revised Code §§ 2307.60 and 2307.61 are the causes of action under which it seeks relief.  However, Ohio Revised Code § 2307.60, formerly Ohio Revised Code § 1.16, does not create a separate civil cause of action and merely codifies the common law that a civil action does not merge into a criminal prosecution.  *Peterson v. Scott Constr. Co.*, 5 Ohio App.3d 203, 204, 451 N.E.2d 1236 (Ohio App. 6 Dist. 1982); *Peters v. Mabini*, No. 73373, 1998 WL 474175 (Ohio App. 8 Dist. Aug. 13, 1998), unpublished.  Federal courts have relied upon Ohio law in holding the same.  *See Replogle v. Montgomery Cty., Ohio*, No. 3:09-CV-102, 2009 WL 1406686, at *6 (S.D. Ohio May 19, 2009), unpublished; *Prior v. Mukasey*, No. 3:08CV994, 2008 WL

11

5076821, at *3 (N.D. Ohio Nov. 21, 2008), unpublished.  Rather, Ohio Revised Code §§ 2307.60 and 2307.61 set forth certain evidentiary rules for admitting facts of conviction and certain damages that a civil litigant may recover if a cause of action otherwise exists.  Moreover, Plaintiff relies upon a criminal statute in order to state a "claim" under Ohio Revised Code §§ 2307.60 and 2307.61.  Claims for civil damages based solely upon an alleged violation of a criminal statute are inappropriate.  *Biomedical Innovations, Inc. v. McLaughlin*, 103 Ohio App.3d 122, 126, 658 N.E.2d 1084 (Ohio App. 10 Dist. 1995).  Rather, the claim must arise from common law or a statutory right to a civil cause of action.  Thus, Plaintiff's claim in Count V, whether it be pursuant to Ohio Revised Code § 2307.60, § 2307.61 or the criminal statute of Ohio Revised Code § 2913.02(A), is technically incorrectly plead.

Since Plaintiff has not correctly asserted claims under this particular count, and since granting this particular claim even in spite of the technical error would be duplicative of subsequent claims, *see §§ 7-8 infra*, the Court DENIES Plaintiff's motion for summary judgment on Count V.

**5**.   **PIERCING THE CORPORATE VEIL**

Plaintiff moves for summary judgment on its claim of piercing the corporate veil as well. Plaintiff asserts that the Court should find that it has pierced the corporate veil because Defendant Lee admitted, through her failure to respond to the request for admissions, that she is the officer, director and/or shareholder exercising complete control and decision-making of Defendant Major Max and she has conducted activities such that the business of Defendant Major Max is her alter ego. ECF Dkt. #33 at 8-9.

The Court DENIES Plaintiff's motion for summary judgment on this Count. There is no independent cause of action for piercing the corporate veil. "Piercing the corporate veil is not a cause of action in and of itself, but rather, it is a legal rule or doctrine that permits a court to disregard the formal corporate structure so that individual shareholders may then be held liable for the actions of the corporation."  *Trinity Health Sys. v. MDX Corp.*, 180 Ohio App.3d 815, 826, 907 N.E.2d 746

12

(Ohio App. 7 Dist. 2009), citing *Belvedere v. Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.,* 67 Ohio St.3d 274, 287, 617 N.E.2d 1075 (1993).  Accordingly, the Court DENIES Plaintiff's motion for summary judgment on Count Six.

### 6.    CONVERSION

The Court GRANTS Plaintiff's motion for summary judgment on its Count Seven conversion claim.  ECF Dkt. #33 at 9.  Under Ohio law, conversion "is the wrongful exercise of dominion over property in exclusion of the right of the owner, or withholding it from his possession under a claim inconsistent with his rights."  *Zacchini v. Scripps-Howard Broadcasting Co.*, 47 Ohio St.2d 224, 226, 351 N.E.2d 454 (1976)*, rev'd on other grounds*, 433 U.S. 562, 97 S.Ct. 2849, 53 L.Ed.2d 965 (1977).  To establish a claim of conversion, a plaintiff "must establish three elements: (1)  plaintiff's ownership or right to possession of the property at the time of conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and (3) damages." *City of Findlay v. Hotels.com, L.P.,* 441 F.Supp.2d 855, 865 (N.D. Ohio 2006), quoting *Young v. City of Sandusky,* No. 3:03CV7490, 2005 WL 1491219 at *5, 2005 U.S. Dist. LEXIS 12258, at * 28 (N.D. Ohio June 23, 2005)(internal citation omitted); *see also Balt. & Ohio R.R. v. O'Donnell*, 49 Ohio St. 489, 32 N.E. 476, 478 (1892).

In the instant case, Plaintiff contends that through its failure to respond to the request for admissions, Defendants committed conversion as they admitted that they: ordered and received the materials and products from Plaintiff; received invoices for the ordered materials and products; owe Plaintiff $117,348.88 plus interest for the materials and products purchased from Plaintiff;  never paid for the materials and products; and had no intention to pay for the materials and products as agreed.  ECF Dkt. #33 at 9; ECF Dkt. #33-1 at 2-3.  The Court agrees.  Defendants have admitted to taking Plaintiff's materials and products without the intention of paying for them, in spite of an obligation to do so, and Plaintiff has been damaged by nonpayment or non-return of its items.

Moreover, the Court notes that in conjunction with Plaintiff's previous piercing the corporate veil claim, Plaintiff need not pierce the corporate veil if corporate officers commit an intentional tort as they can be held personally liable. *Ball Brothers Machinery, Ltd. v. Direct Development, LLC*., No. 4:08CV2930, 2009 WL 2486128, at *2 (N.D. Ohio 2009), citing generally *Yo-Can, Inc. v. Yogurt Exch*., 149 Ohio App.3d 513, 526, 778 N.E.2d 80 (Ohio App. Dist. 2002); *DeHoff v. Veterinary Hosp. Operations Center, Ohio, Inc*., No. 02AP-454, 2003-Ohio-3334, at ¶ 89 (Ohio App.10 Dist. Jun. 26, 2003). Conversion is considered an intentional tort under Ohio law. *Price v. Austintown Local Sch. Dist. Bd. of Edn*., 178 Ohio App.3d 256, 897 N.E.2d 700, 705 (Ohio App. 7 Dist. 2008). Based upon Defendant Lee's admissions through her failure to respond to the request for admissions, Plaintiff has established the elements of the intentional tort of conversion such that Defendant Lee's personal liability is appropriate. ECF Dkt. #33-1 at 2-3. Defendant Lee admitted that she was a corporate officer of Defendant Major Max, and she cannot shield herself from liability simply because she engaged in such conduct in the performance of her duties as a corporate officer of Defendant Major Max. *See Lambert v. Kazinetz*, 250 F.Supp.2d 908, 914-915 (S.D. Ohio 2003)(discussing Ohio agency law). Accordingly, the Court GRANTS summary judgment in favor of Plaintiff on this Count against Defendant Lee personally and against Defendant Major Max as well.

### 7. **FRAUD**

Finally, Plaintiff moves for summary judgment against Defendants based upon fraud. ECF Dkt. #33 at 9. Again, Plaintiff relies upon the failure of Defendants to respond to the request for admissions in which Defendants admit that they: ordered and purchased products and materials from Plaintiff; owe $117,348.88 plus interest to Plaintiff for those products and materials; represented that they would pay in accord with "net 10 days" pursuant to the invoices for those products which they received; failed to remit payment; and had no intention to pay or was unable to pay Plaintiff for the products and materials as agreed. ECF Dkt. #33-1 at 2-3. In order to sustain a claim of fraud,

14

Plaintiff must establish the following elements:

> (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

*State ex rel. Illum. Co. v. Cuyahoga Cty. Court of Common Pleas*, 97 Ohio St.3d 69, 74, 2002-Ohio-5312, 776 N.E.2d 92 (2002), quoting *Russ v. TRW, Inc*., 59 Ohio St.3d 42, 49, 570 N.E.2d 1076 (1991)(citing *Burr v. Stark Cty. Bd. of Commrs*., 23 Ohio St.3d 69, 23 O.B.R. 200, 491 N.E.2d 1101, paragraph two of the syllabus (1984).  These facts meet the elements of fraud because through Defendants' admissions, Defendant Lee ordered and bought the materials and products on behalf of Defendant Major Max with a representation to pay knowing that neither she nor Major Max was not going to pay for them or unable to pay; a material fact of the transaction was payment for the goods; Defendants did not pay for the materials and products; and Plaintiff has been injured through the loss of both the products and payment as a result.  Further, because fraud is also an intentional tort under Ohio law, Defendant Lee is individually liable for this tort in addition to Defendant Major Max as she can be held personally liable for this intentional tort committed during her employment as a corporate officer.  *See Yo-Can, Inc. v. The Yogurt Exchange, Inc*., 149 Ohio App.3d 513, 778 N.E.2d 80, 90 (Ohio App. 7 Dist. 2002)(citations omitted).  Accordingly, the Court GRANTS Plaintiff's motion for summary judgment on Plaintiff's fraud claim against Defendant Major Max and against Defendant Lee in her individual capacity.

## C.    DAMAGES

Based upon the above reasoning, the Court GRANTS summary judgment in favor of Plaintiff against Defendants Lee and Major Max jointly on Count I (action on account), Count VII (conversion) and Count VIII (fraud).  ECF Dkt. #33.  The Court finds that Plaintiff is entitled to actual damages in the amount of $117,348.88 plus interest as calculated by Plaintiff in Exhibit 33-2.  Defendant Lee is also personally liable for Counts VII and VIII.

Moreover, while Plaintiff has incorrectly advanced Ohio Revised Code §§ 2307.60 and 2307.61 as separate causes of action, which the Court denied as separate causes of action, the Court GRANTS Plaintiff the treble damages requested under § 2307.61 in his prayer for relief.  While incorrectly plead, Plaintiff has nevertheless met the requirements in order to recover treble damages under the statute.  Plaintiff sought recovery under § 2307.60, as required by § 2307.61.  Section 2307.60 of the Ohio Revised Code states in relevant part that:

> (A)(1) Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law, may recover the costs of maintaining the civil action and attorney's fees if authorized by any provision of the Rules of Civil Procedure or another section of the Revised Code or under the common law of this state, and may recover punitive or exemplary damages if authorized by section 2315.21 or another section of the Revised Code.

Ohio Revised Code § 2307.60.  Section 2307.61 of the Ohio Revised Code provides in relevant part that:

> (A) If a property owner brings a civil action pursuant to division (A) of section 2307.60 of the Revised Code to recover damages from any person who willfully damages the owner's property or who commits a theft offense, as defined in section 2913.01 of the Revised Code, involving the owner's property, the property owner may recover as follows:

> (1) In the civil action, the property owner may elect to recover moneys as described in division (A)(1)(a) or (b) of this section:

> *       *       *

> (b) Liquidated damages in whichever of the following amounts is greater:

> (i) Two hundred dollars;

> (ii) Three times the value of the property at the time it was willfully damaged or was the subject of a theft offense, irrespective of whether the property is recovered by way of replevin or otherwise, is destroyed or otherwise damaged, is modified or otherwise altered, or is resalable at its full market price. This division does not apply to a check, negotiable order of withdrawal, share draft, or other negotiable instrument that was returned or dishonored for insufficient funds by a financial institution if the check, negotiable order of withdrawal, share draft, or other negotiable instrument was presented by an individual borrower to a licensee under sections 1321.35 to 1321.48 of the

16

Revised Code for a loan transaction.

Ohio Revised Code § 2307.61.  Here, Plaintiff has alleged that Defendants have committed theft by deception and Plaintiff has succeeded in summary judgment on its corresponding intentional tort claims of both conversion and fraud.  Section 2307.61 requires Plaintiff to show either willful damage to its property or the commission of a theft offense by Defendants "as defined in section 2913.01 of the Revised Code, involving the owner's property."  Ohio Rev. Code. § 2307.61.  Section 2913.02 is the theft statute, which includes theft by deception.  It provides in relevant part:

> No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
>
> (1) Without the consent of the owner or person authorized to give consent;
> (2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;
> (3) By deception;
> (4) By threat;
> (5) By intimidation.

Ohio Rev. Code § 2913.02(A).  Ohio Revised Code § 2913.02(B)(1) provides that anyone who violates (A) is guilty of theft.  Ohio Rev. Code § 2913.02(B)(1).  Ohio Revised Code § 2307.61 allows recovery if the property owner brings the civil action under Ohio Revised Code § 2307.60 against a person who commits a theft offense as defined in section Ohio Revised Code § 2913.01.  Ohio Revised Code § 2913.01(K) provides that a theft offense includes Ohio Revised Code § 2913 .02.  Again, based upon Defendant Lee and Defendant Major Max's failure to respond to the request for admissions, they admitted that Defendant Lee obtained Plaintiff's products and materials in Defendant Major Max's name by deception when she ordered and bought the products and materials without intending to pay or knowing that she was unable to pay and she received the products and materials without paying for them.  ECF Dkt. #33-1 at 1-2.  They further admitted that the total owed

17

for those products and materials was $117,348.88 plus interest and that the reasonable value of the products and materials sold to Defendants was $117,348.88 plus interest. *Id.*

Accordingly, Plaintiff has met the requirements of Ohio Revised Code §§ 2307.60 and 2307.61 in order to sustain its claim for recovery of attorney fees, costs and treble damages against Defendant Lee.  The Court therefore orders that Defendant Lee pay treble damages in the amount of $352,046.64, attorney fees in the amount of $10,298.00 and costs in the amount of $150.00.

**D**.      **CONCLUSION**

For the foregoing reasons, the Court GRANTS summary judgment in favor of Plaintiff against Defendants Lee and Major Max on Count I (action on account), Count VII (conversion) and Count VIII (fraud).  ECF Dkt. #33.  Consequently, the Court orders that Defendants Lee and Major Max pay Plaintiff actual damages of $117,348.88, plus interest as calculated in ECF Dkt. #33-2 ($6,958.27 through December 10, 2009), attorney fees in the amount of $10,298.00, and court costs of $150.00.  Defendant Lee is held personally liable on the conversion and fraud claims, in addition to liability imposed upon Defendant Major Max.  The Court further orders that Defendant Lee pay Plaintiff treble damages pursuant to Ohio Revised Code § 2307.61 in the amount of $352,046.64.

The Court DENIES Plaintiff's motion for summary judgment on Count II (breach of contract), Count III (Quantum Meruit), Count IV (Unjust Enrichment), Count V (civil liability for criminal conduct pursuant to Ohio Revised Code §§ 2307.60 and 2307.61), and Count VI (piercing the corporate veil).  The Court DISMISSES these claims WITH PREJUDICE.

IT IS SO ORDERED.

Dated: January 22, 2010                                        **/s/George J. Limbert**

                                                                          GEORGE J. LIMBERT

                                                                          UNITED STATES MAGISTRATE JUDGE